IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DONALD DEAN SCHLITTENHARDT**                                     **PETITIONER**

**v.**                                **CIVIL ACTION NO. 3:22-cv-51-CWR-LGI**

**WARDEN SHANNON D. WITHERS**                             **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

      Petitioner filed the instant petition seeking judicial review of his sentence computation by the Federal Bureau of Prisons ("BOP"). Respondent moves to dismiss the petition as moot, however, because Petitioner has received the requested relief. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the motion be granted.

      Petitioner seeks the restoration of twenty-seven (27) days of good conduct time that he alleges the BOP erroneously revoked in violation of his right to due process. Respondent concedes that Petitioner is entitled to the requested relief, and has submitted the Declaration of Michael FiggsGanter, an Attorney/Advisor at the Federal Correctional Complex in Yazoo City, Mississippi, in support. Upon reviewing Petitioner's claim, FiggsGanter has determined that Petitioner is entitled to the restoration of the twenty-seven (27) days of good conduct time. In support, FiggsGanter attaches an updated Sentencing Monitoring Computation Data Form indicating that the incident report which gave rise to the petition has now been expunged "and all appropriate good conduct time was returned to inmate Schlittenhardt." Petitioner has not refuted this evidence or

otherwise responded to the mootness claim, despite being granted an extension of time in which to do so. Rather, Petitioner has submitted correspondence to the court which appears to raise a new a claim concerning his disability status and library access.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citation omitted). The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis*, 494 U.S. at 477-78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). Given the evidence as stated, the undersigned submits that this case no longer presents a live case or controversy, and Respondent's motion to dismiss the instant petition as moot should be granted for the reasons asserted herein.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and

recommendation shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted on October 25, 2022.

                                              s/ LaKeysha Greer Isaac
                                              UNITED STATES MAGISTRATE JUDGE